SAMUEL B. COBB, Exec'r. of THOMAS L. SLADE *v.* L. B. HENDERSON and others.

A testator devised to his widow, for life, certain lands, and directed the same to be sold after her death and the proceeds divided, with certain limitations, among his children, to one of whom, Thomas, he had given a tract of land for life, with limitation to his wife, &c. : *Held*, that Thomas took only a life estate in the proceeds of the sale of his father's land, and that the land devised to him for life, &c., is liable to be sold to repay such proceeds to the parties entitled.

SPECIAL-PROCEEDING to subject certain lands to sale for assets, heard before *Kerr, J.,* upon an appeal from the Probate Court, at Fall Term, of CALDWELL Superior Court.

The facts pertinent to the point decided in this Court are :

That Nathaniel Slade, the father of the testator of the plaintiff, devised to his widow for life, a certain tract of land, which was taken possession of by her, and at her death was sold, and the proceeds of such sale was divided and paid over to the heirs and devisees in remainder of the said Nathaniel, among whom was the testator of the plaintiff, who received one-sixth thereof, amounting to $1689.17. The testator of the plaintiff, Thomas L. Slade, left his property, by will, to L. B. Henderson and others, the defendants in this action.

It was admitted that there was a necessity to sell a part of the land, left by Nathaniel Slade to his son, the plaintiff's testator, to pay his debts, exclusive of the said sum of $1689.17 received by him from the sale of the land at the death of the widow of the said Nathaniel Slade, as before stated ; and the heirs and devisees of the said Nathaniel, on motion, and by consent of parties, were admitted to come in and be made parties. The said heirs and devisees thereupon set up a claim, that the estate of the testator of the plaintiff was bound, in law, to return and pay over the said sum of $1689.17, with interest from the death of said testator, to wit, 8th of November, 1873, according to the true construction of the will of the

said Nathaniel Slade. The plaintiff and the devisees of Thomas L. Slade insist that the said Thomas received the said sum of $1689.17 as his own obsolute property, and that there is no obligation upon his estate to return or pay over said money to the heirs of the said Nathaniel Slade.

By consent, the cause was heard upon the complaint and answers and the wills of Nathaniel Slade and Thomas L. Slade, the plaintiffs' testator; and after argument, the Court adjudged, among other things, that according to the true intent and meaning of the will of Nathaniel Slade, Thomas L. Slade, the testator of the plaintiff, had only a life estate in the said sum of $1689.17, and that the lands mentioned in the pleadings are liable to be sold to repay the same to the estate of the said Nathaniel Slade for his heirs and devisees.

From this ruling of his Honor, the plaintiff and the devisees of Thomas L. Slade appealed to this Court.

The material parts of the will of Nathaniel Slade is in substance as follows:

" *First.* I give to my wife, Elizabeth N. Slade, during her natural life, the following property, to-wit: all of my land except such as may be herein given to my son, Thomas L. Slade, also two of my negroes," and other personal property, describing it.

" *Secondly.* I give to my son Thomas L. Slade, his administrators and assigns forever, a negro boy by the name of Daniel.

" *Thirdly.* I also give to my son Thomas L. Slade, the following tract of land, for his life only, (subject to the limitations hereinafter expressed,") describing the land, and then adding, " Should Susan, the present wife of my son Thomas L. Slade, survive him, then my will is, that the said Susan, his wife shall have and enjoy the said land, together with all the property herein given to my son Thomas L. Slade for life, so long as she may live and remain his widow, and no longer; and should my son Thomas L. Slade hereafter have children, then to each of the said children as may survive him, and to the children of such, his children as may die before he does, who

may survive him, the remainder of all the property herein given to my son Thomas L. Slade, for life, is devised and bequeathed to them, his, her or their heirs forever; and should there be more than one such, to be divided as follows, to-wit, among his children equally," &c.

"*Fourthly.* I will and direct that all the residue of my property be equally divided at my death, and at the falling in of the life estate herein created, respectively among my children, except my daughter," &c.

In a codicil the testator directs, that he wishes " after the death of my wife, that my land be sold and the money equally divided among my children, in the same manner that the other property is herein directed."

*Dillard & Gilmer* and *Graham & Graham*, for appellant. *Watt & Withers* and *Bailey*, contra.

READE, J. There is only a single question: Whether Thomas L. Slade, plaintiff's testator, took an absolute or only a life estate. His Honor was of the opinon that he took only a life estate, and we are of the same opinion. Such is the language and such seems to be the intention of the will.

There is no error. Let this be certified.

PER CURIAM.                                    Judgment affirmed.